HUDSON COUNTY CIRCUIT COURT.

AUTO BROKERAGE COMPANY, A CORPORATION, PLAIN-
TIFF, v. AMELIA F. ULLRICH, DEFENDANT.

**Negotiable Instruments—Conditional Bills of Sale—Fraud in Sale
—Replevin—Note Given to Secure Payment for Truck, Title
Remaining in Vendor Until Payment—Upon Default, Replevin
Failed to Secure Return of Truck Because of Fraud, a 1920
Truck Having Been Substituted for a 1921 One, After Execu-
tion of Contract—Note Having Passed to Third Party in
Due Course, Judgment by Default was Taken, Which it is
Now Asked to Open on the Ground That the Matter was
Res Adjudicata—Held, Not to be so—Fraud was a Good
Defense to the Replevin Suit, but Not One to the Claim of a
Bona Fide Holder of the Note Without Notice.**

For the plaintiff, *Harry Green.*

For the defendant, *Lazarus, Brenner & Vickers.*

The opinion of the court was delivered by

ACKERSON, J. This matter comes before me upon an ap-
plication to open the judgment by default entered herein, in
favor of the plaintiff and against the defendant, upon a
promissory note. The parties have agreed upon a statement
of facts from which it appears that on January 31st, 1921,
the defendant purchased from the N. Y. Commercial Vehicle
Co., Inc., an automobile truck and received a conditional bill
of sale therefor, by which title was to remain in the N. Y.
Commercial Vehicle Co., Inc., until the truck was paid for,
and at the same time the defendant gave her promissory note
for $3,996, payable in installments, in which it was stated
that if any installment became due and remained unpaid,
that the whole amount of the note would become due and
the seller might repossess the automobile truck.

The defendant refused to pay the first installment of $333,
on February 28th, 1921, upon the ground that there had been

fraud and misrepresentation in the sale of the automobile truck, in that the N. Y. Commercial Vehicle Co., Inc., had caused a blank for the date of the manufacture of the truck to be filled in after execution, with the year 1920.

The note and the conditional bill of sale had been in the meantime assigned to the plaintiff in this action, Auto Brokerage Company, which company, after payment of the first installment of the note was refused, instituted an action of replevin to recover the automobile, and this action was decided in favor of the defendant, and as the statement of facts correctly sets forth, the jury found that the vehicle was to be a 1921 model instead of 1920, and that 1920 was inserted by the said N. Y. Commercial Vehicle Co., Inc., in the conditional bill of sale, subsequent to its execution. The sole question presented to the jury upon the replevin suit was, whether or not the N. Y. Commercial Vehicle Co., Inc., had perpetrated a fraud upon the defendant, and, of course, such fraud can be set up as against the assignee of the conditional bill of sale.

After the determination of the replevin suit, the assignee, the Auto Brokerage Company, brought suit upon the above-mentioned note and obtained a judgment by default, which is the one now sought to be opened, and this should not be done unless the defendant has a good and meritorious defense to the action, and the only defense which is suggested by the statement of facts is that the judgment in the replevin action is a bar to the present suit upon the note, because it is claimed that the matter is *res adjudicata*. The plaintiff in the present suit, the Auto Brokerage Company, is a holder of the note in due course, for value and before maturity, and there is no suggestion anywhere that this company had any notice of any fraud perpetrated upon the defendant by its assignor, the N. Y. Commercial Vehicle Co., Inc., and while fraud was a good defense in the replevin suit as against an innocent assignee of the conditional bill of sale, nevertheless, it would not be a good defense against a *bona fide* holder of the note who received it for value before maturity and without notice.

As was stated by the court in *Mershon* v. *Williams*, 63 *N. J. L.* 398 (at *p.* 401):

"A matter is not to be regarded *res adjudicata* unless there be identity of the thing sued for, of the cause of action, of the persons and parties, and of the quality of the persons for and against whom the claim is made, and the judgment in the former suit be so directly in point as to control the issue in the pending action." See, also, *Hoffmeier & Son* v. *Trost,* 83 *N. J. L.* 358.

It will be seen at once that in the case *sub judice* there is not an identity of the things sued for, because the replevin action was a possessory action to recover possession of a motor vehicle, and this suit is to recover amount due on a promissory note, and surely the judgment in the replevin action is not in point so as to control the issue in this action, for it is already stated that fraud can be set up against an assignee of a contract, but it cannot be set up against the holder of a note in due course.

Of course, it is ordinarily the rule that a judgment is *res adjudicata* as to all matters which were actually decided in the action as well as that which might have been; and while the parties to this suit upon the note are the same as in the replevin suit, nevertheless, the question as to whether or not the Auto Brokerage Company was a holder in due course of the note in question, so as to bar the defense of fraud in the sale of the automobile truck, could not have been raised in the replevin suit, and so, inasmuch as there are two entirely different causes of action forming the basis of the two suits, and the plaintiff in this suit is entitled to the benefit of its position as holder in due course of the note, the application to open the default judgment herein will be denied and an order may be presented in accordance with these views.